# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DELTA WATER STREET TRUST,<br>Appellant,<br>vs.<br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE, ON BEHALF OF THE<br>HOLDERS OF THE ASSET BACKED<br>SECURITIES CORPORATION HOME<br>EQUITY LOAN TRUST, SERIES AEG<br>2006-HE1 ASSET BACKED PASS-<br>THROUGH CERTIFICATES, SERIES<br>AEG 2006-HE1,<br>Respondent. | No. 63882<br><br>**FILED**<br><br>NOV 14 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER REVERSING AND REMANDING*

This is an appeal from a district court summary judgment in a judicial foreclosure and quiet title action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Delta Water Street Trust purchased the subject property at Ventana Canyon's foreclosure sale, conducted to enforce Ventana Canyon's delinquent assessment lien. Thereafter, U.S. Bank instituted the underlying judicial foreclosure action, naming Delta Water Street as a defendant. Delta Water Street asserted a counterclaim for quiet title, arguing that Ventana Canyon's foreclosure sale had extinguished U.S. Bank's security interest in the subject property. The district court granted summary judgment in favor of U.S. Bank, finding that Ventana Canyon's foreclosure sale did not extinguish U.S. Bank's deed of trust.

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. Thus, to the extent that the record on

14-37556

appeal reveals the basis for the district court's summary judgment, the district court's decision appears to have been based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted.[1] Accordingly, we

REVERSE the order granting summary judgment AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]For instance, to the extent that U.S. Bank argued in district court that Ventana Canyon's foreclosure sale was time-barred, the record on appeal is insufficiently developed to consider this issue.

cc: Hon. Timothy C. Williams, District Judge
Law Offices of Michael F. Bohn, Ltd.
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk